# Bennett *et al. v.* M'Gaughy.

It is well settled, that where a note or bill is payable to two, it must be endorsed by both in order to transfer the entire interest in it to the endorsee. A simple averment of a *release* of interest in such a note by one of the payees, does not authorise the endorsee of the other to bring suit.

ERROR to the circuit court of Leak county.

This was an action of debt, upon a writing obligatory, or note under seal, executed by the plaintiff in error, and made payable to Allensworth & Ewing. The defendant in error declared as assignee of Allensworth alone, and set forth an endorsement of the note to him by Allensworth, who, as the declaration avers, became the sole owner of the writing by a release to him of Ewing's entire interest in the same. The declaration does not state how this release was made, whether in writing, or whether it was on the note, or a separate instrument. The defendants below demurred to the declaration, and assigned as a cause, the want of title in M'Gaughy, under the endorsement, as stated in the pleadings. The court below, overruled the demurrer, and the only question presented for the consideration of this court was, whether this decision of the circuit court was erroneous?

Yerger, for plaintiffs in error.

It is contended by the plaintiff in error, that there is error in the record of the circuit court.

1. The court erred, in overruling the demurrer to the declaration, as the suit was brought in the name of a party who had not the legal interest in him, and who, therefore, could not sustain an action at law in his own name. It is well settled, that an endorsement of a note made payable to two, must be made by both, and in the name of both, unless the parties are partners, in which case an endorsement may be made by one, but it must be in the partnership name, and purport to convey the interest of the

[*Bennett et al. v.* M'Gaughy.]

firm.   Chit. on Bills, 67, 68, 226, 70; Smith *v.* Whiting, 4 Mass. Rep. 334; 1 Johns. Rep. 654.

As to the plea, and demurrer to it, it is unnecessary to look further at this time, as, if the court erred in overruling the first demurrer, it settles the cause.

The demurrer having been overruled in the court below, in the first instance erroneously, the court will now enter judgment final for the defendant.  9 Yerg. 26.

Where a note is made payable to two, the court will not presume from that fact, that they were partners.

The legal interest can only be transferred by endorsement, and if the beneficial interest be transferred, and there is no endorsement, the action must be in the name of the payee.   Chit. on Bills, 252.

Hughes, for the defendant in error.

Mr. Justice TROTTER delivered the opinion of the court.

It is well settled, that, where a note or bill is payable to two, it must be endorsed by both, in order to transfer the entire interest in it to the endorsee.  Chit. on Bills, 67, 226.  But, it is urged, that the authority of Allensworth to assign, by his sole endorsement, the whole interest in the note in this case, is stated and shown by the release of Ewing's interest.   The averment is not, however, sufficient for this purpose.  It is a well established rule in pleading, that all persons who are ostensibly interested, must join in the action, and any private arrangement amongst themselves, will not be noticed.   Could Allensworth have maintained an action on this note in his own name, on the averment in the declaration of the release by Ewing?   It is believed he could not.   If so, his assignee cannot.   The case of Burdick *v.* Green, 15 Johns. Rep. 249, is a direct authority in support of these views.   That was an action on a promissory note, which was made payable to the plaintiff, who endorsed it to one Ketchum, and the declaration averred, that Ketchum afterwards, by his instrument in writing, under his hand, assigned the said note to the plaintiff, by which, the endorsement to Ketchum became cancelled, and the plaintiff restored to all his rights, as though the endorsement had not been

[Bennett *et al. v.* M'Gaughy.]

made.    Upon demurrer, the court held, that this averment was not sufficient to divest Ketchum of the legal title.    That the endorsement should have been cancelled.

Let the judgment of the court below be reversed, and the cause remanded, with leave to the plaintiff to amend his pleadings.